UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JONATHAN M. JARRY, <br> Plaintiff, | ) ) ) ) |   |
| v. | ) ) | Civil No. 23-11206-LTS |
| JIM DONCHESS, Mayor, et al., <br> Defendants. | ) ) ) ) |   |

MEMORANDUM AND ORDER

June 21, 2023

SOROKIN, J

For the reasons set forth below, the Court grants plaintiff's motion for leave to proceed *in forma pauperis* and dismisses this action without prejudice pursuant to 28 U.S.C. § 1406(a); § 1915(e)(2)(B). .

I.   **BACKGROUND**

On May 30, 2023, Jonathan M. Jarry, a resident of Nashua, New Hampshire, initiated this action by filing a complaint accompanied by a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2).

The complaint identifies the defendants as the Mayor of Nashua, New Hampshire, the "first lady" of New Hampshire, the Chief of Police of the Nashua Police Department and the Executive Director of the New Hampshire Human Rights Commission. (Dkt. No. 1). The complaint states that the basis for jurisdiction is federal question, listing "Fourteenth Amendment[,] Thirteenth Amendment[, and] Movie Star Clause[]" as the specific laws at issue. *Id.* at ¶ II(A). The statement of claim states in part that "state authorities" are "negligent," refuse to admit to malpractice," "contributed to defamation." *Id.* at ¶ III. The complaint further states that "misinformation led to

harassment, welfare checks, loss of business, 13 Amendment in Body functions, suffocation, almost death and body manipulation persistence enclaving person thru darpa program." *Id.* For relief, Jarry seeks "$63,000,000.00 due to state induced slavery, health deteriation (sic) and absolute refusal to protect civil rights." *Id.* at ¶ IV.

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of the motion for leave to proceed *in forma pauperis*, the Court concludes that plaintiff has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, the Court allows the motion.

## III.   LEGAL STANDARDS

Jarry's complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because he is proceeding *in forma pauperis*. Section 1915 authorizes federal courts to dismiss a complaint if the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002)). A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. *See Adam v. Saenger*, 303 U.S. 59, 67 (1938). But as to the defendants, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum

with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. V. Washington*, 326 U.S. 310, 319 (1945)).

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979). "[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 56 (2013).

The general venue statute provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought."

## IV.  DISCUSSION

Although the Court liberally construes the complaint because Jarry is proceeding *pro se*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the complaint fails to make specific factual allegations against any individual and, as pled, the complaint fails to allege any facts that could support a claim against any of the defendants.  Moreover, there is absolutely nothing in the complaint which suggests that this Court has personal jurisdiction over the defendants or that venue would be proper for the adjudication of this case.

Here, the parties are not located in Massachusetts and the claims arise in New Hampshire.  There is no suggestion that any of the New Hampshire defendants have "meaningful contacts" with Massachusetts such that they would anticipate being haled into court in Massachusetts to respond to allegations by a citizen of New Hampshire.  In the absence of such "meaningful contacts," the Court lacks personal jurisdiction over the persons against whom Jarry seeks relief.  Additionally, because the defendants do not reside in this District, venue lies in a judicial district where a substantial part of the events or omissions giving rise to this action arose.  The District of Massachusetts does not meet that requirement.

Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Under the circumstances, it is not in the interest of justice to transfer this case.

While courts generally refrain from *sua sponte* dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain circumstances.  Courts have held that an action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious from the face of the complaint and no further factual record is required to be developed."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lea v. Warren Cnty.*, No. 16-5329, 2017

WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's *sua sponte* dismissal for improper venue). From the face of Jarry's complaint, venue in the District of Massachusetts is improper.

Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted). Given the nature of the identified deficiencies, amendment would be futile. In light of the above, this action will be dismissed

## V. CONCLUSION

In accordance with the foregoing, the Court hereby orders that:

1. The motion (ECF No. 2) for leave to proceed *in forma pauperis* is ALLOWED.

2. This action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a); § 1915(e)(2)(B). The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge